# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

```
-----------------------------------------------------------------------x
                                                :   Case No. 08-03423-EE
In re:                                          :
                                                :   Chapter 11
WAREHOUSE 86, LLC,                              :
                                                :
        Debtor.                                 :
                                                :
------------------------------------------------------------------------x
                                                :
SCK, INC. and RADIOSHACK CORPORATION,           :   Adv. Pro. No. _____
                                                :
        Plaintiffs                              :
                                                :
v.                                              :
                                                :
WAREHOUSE 86, LLC,                              :
                                                :
        Defendant.                              :
                                                :
------------------------------------------------------------------------x
```

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES SCK, Inc. f/k/a SC Kiosks, Inc. ("SCK") and RadioShack Corporation[1] ("Radioshack") (collectively with SCK, "Plaintiffs") and files this Complaint against Warehouse 86, LLC ("Defendant"), seeking a declaratory judgment that Plaintiffs are entitled to all of the Insurance Proceeds, as defined herein below, to the exclusion of Defendant, Defendant's bankruptcy estate and Defendant's creditors, and in support thereof, allege as follows:

### Parties

1.      SCK is a foreign corporation with its principal place of business located at Post Office Box 961090, Fort Worth, Texas 76161.

---

[1] SCK is a wholly-owned subsidiary of RadioShack.

2.     RadioShack is a foreign corporation with a principal office address of 300 RadioShack Circle CF3, Fort Worth, Texas 76102.

3.     Upon information and belief, Defendant is a foreign limited liability company with a principal office address of 8230 East Gary Road, Scottsdale, Arizona 85260, and may be served with process by service upon its registered agent, Ernest K. Strahan III, 5 River Bend Place, Suite D, Flowood, Mississippi 39232.

## Jurisdiction and Venue

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## Facts

6.     On November 4, 2008 (the "Petition Date"), Defendant commenced the underlying bankruptcy case by filing a voluntary petition for reorganization relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

7.     On December 11, 2008, Defendant sold substantially all of its assets to Kenneth A. May.  Defendant no longer operates as a going concern.

8.     Defendant is authorized to manage its remaining assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the bankruptcy case.

9.     Prior to the Petition Date, SCK subleased to Defendant a certain warehouse located in Southaven, Mississippi (the "Southaven Warehouse"), along with a conveyor system and other equipment located therein (the "Subleased Equipment"), pursuant to a sublease, dated as of July 11, 2006 (the "Sublease").   A copy of the Sublease is attached as Exhibit A.

10. On February 5, 2008, a tornado struck the Southaven Warehouse causing severe damage to the building, leasehold improvements and the Subleased Equipment.

11. Separately, on February 11, 2008, while repairing the tornado damaged building, a welding subcontractor caused a fire to erupt in the Southaven Warehouse resulting in further damage to the building, leasehold improvements and the Subleased Equipment.

12. The combined damage to the Southaven Warehouse and the Subleased Equipment is estimated to be $2,825,053, as evidenced by the interim report of McLarens Young International, attached as Exhibit B.

13. At the time of the tornado and the fire, Defendant carried a commercial property insurance policy (Policy No. 3A2–22–78---08) (the "Policy") with Employers Mutual Casualty Company a/k/a EMC Insurance Companies ("EMC") covering the building, business personal property and business income. A copy of the Policy is attached as Exhibit C.

14. SCK is a loss payee in the Policy.[2]

15. EMC, in accordance with the Policy, disbursed to SCK and Defendant a total of $2,089,882.35 (the "Insurance Proceeds") for the tornado and fire losses.

16. On July 23, 2009, EMC issued a check in the amount of $1,060,000 for the fire loss: $1,000,000 for business personal property loss, $50,000 for business income loss and $10,000 for debris removal.

17. On August 12, 2009, EMC issued two checks in the total amount of $1,029,882.35 for the tornado loss: $974,982.35 for business personal property loss, $50,000 for business interruption loss and $4,900 for debris removal.

---

[2] While there are other loss payees or co-insureds in the Policy, pursuant to Defendant's Second Motion to Extend Exclusive Right to File and Obtain Confirmation of Plan (Dkt. #140), "[s]ince the Petition Date, Defendant has resolved the rights of all other named co-insureds previously listed under the Policy so that they are no longer parties in interest and will not have to be made parties to any proceeding to determine the rights to the [I]nsurance [P]roceeds under the Policy."

- 3 -

18. Both checks were payable jointly to SCK and Defendant.

19. The Insurance Proceeds were deposited into the registry of the Court, pursuant to that certain Order (Dkt. #181) dated August 26, 2009.

**Plaintiffs Entitled To All Insurance Proceeds**

20. A controversy exists between Plaintiffs and Defendant as to the right of each party to the Insurance Proceeds. Plaintiffs assert that, pursuant to the Sublease and applicable law, they are entitled to all of the Insurance Proceeds to the exclusion of Defendant, Defendant's bankruptcy estate and Defendant's creditors. Defendant contends otherwise.

21. Pursuant to Section 10 of the Sublease, Defendant was required to carry and maintain throughout the term of the Sublease, among other things, "all risk" property insurance covering all leasehold improvements and the Subleased Equipment in the amount of their full replacement value.

22. Defendant's "all risk" property insurance policy was required to be the primary policy and not simply in excess of Plaintiffs' insurance coverage, and Defendant was obligated to designate SCK as an additional insured or loss payee in the policy.

23. Additionally, under Section 7 of Schedule B to the Sublease, Defendant agreed to "bear the entire risk of any loss, theft, damage to, or destruction of, any unit of Subleased Equipment from any cause whatsoever."

24. By executing the Sublease, Defendant agreed to assume sole responsibility for any and all damage to the Southaven Warehouse and the Subleased Equipment due to fire or other casualty.

25. Moreover, by having SCK named as a loss payee in the Policy, Defendant agreed that the Southaven Warehouse and the Subleased Equipment should be insured against loss due to fire or other casualty, and that in the event there should be such a loss, that the insurance

proceeds should be payable to SCK as its interest might appear – that is, SCK should be entitled to the insurance proceeds to the extent of any damage to the Southaven Warehouse and the Subleased Equipment.

26. Indeed, as loss payee in the Policy, SCK holds a lien or even greater interest in the Insurance Proceeds to the extent of Defendant's liability to Plaintiffs under the Sublease for any damage to the Southaven Warehouse and the Subleased Equipment. See In re Estes, 105 F. Supp. 761 (N.D. Tex. 1952) (holding that loss payee entitled to fire insurance proceeds to extent of unpaid balance of note and that portion of proceeds due loss payee not property of bankruptcy estate); Farwell v. Johnson, 121 Misc. 556, 201 N.Y. 327 (1923) (holding that loss payee entitled to judgment establishing lien upon and title to fire insurance proceeds in amount of unpaid purchase price of merchandise and directing depository to pay same with all interest and costs).

27. As such, the Insurance Proceeds are payable to SCK up to the full extent of damage to the Southaven Warehouse and the Subleased Equipment plus all costs and expenses, including but not limited to reasonable attorneys' fees. See Estes, 105 F. Supp. at 763; Farwell, 121 Misc. at 561.

28. Furthermore, pursuant to Section 8 of the Sublease, Defendant agreed to "assume and perform, according to the terms of the Prime Lease, all of the duties, covenants, agreements and obligations of Sublandlord under the Prime Lease."

29. In accordance with the Prime Lease, RadioShack has paid $500,000 to the landlord for costs incurred in the restoration of the Southaven Warehouse, and RadioShack has paid $1,064,361.78 to settle SCK's liability for damage to the Subleased Equipment.

30. Defendant is likewise liable to Plaintiffs for all damage to the Southaven Warehouse and the Subleased Equipment and is obligated to reimburse Plaintiffs for all costs, together with interest thereon, incurred in curing Defendant's default under the Sublease.

31.     Plaintiffs' interest in the Insurance Proceeds arose at the time of the issuance of the Policy and is therefore superior to that of Defendant, Defendant's bankruptcy estate and Defendants' creditors.  See Estes, 105 F. Supp. at 765-66; Farwell, 121 Misc. at 561.

32.     Accordingly, Plaintiffs are entitled to judgment establishing their lien on and title to the Insurance Proceeds, over and above any rights of Defendant, Defendant's bankruptcy estate or Defendant's creditors.  Furthermore, the Court should direct that the Insurance Proceeds together with all accumulated interest thereon be paid to Plaintiffs immediately.

33.     Pursuant to Bankruptcy Rule 7008(a), Plaintiffs consent to entry of final judgment by the Court.

WHEREFORE, Plaintiffs respectfully request that the Court enter a declaratory judgment (i) finding that Plaintiffs is entitled to all of the Insurance Proceeds to the exclusion of Defendant, Defendant's bankruptcy estate and Defendant's creditors, and (ii) granting such other and further relief this Court deems proper and just.

Dated: November 2, 2009

Respectfully submitted,

SCK, INC. and RADIOSHACK CORPORATION

/s/ Marcus M. Wilson
Marcus M. Wilson (MS Bar #7308)
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
One Jackson Place
188 East Capitol Street, Suite 1400
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND RADIOSHACK CORPORATION