IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | BANKRUPTCY PROCEEDING |
| WAREHOUSE 86, LLC | Case No.: 08-03423-EE |

_____

| | |
|---|---|
| SCK, INC. AND RADIOSHACK CORPORATION | Plaintiff |
| v. | Adversary Proceeding No.: 09-00139-EE |
| WAREHOUSE 86, LLC | |

_____

**THE TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY, LTD (UNITED STATES BRANCH)'S LIMITED OBJECTION AND JOINDER IN INDUSTRIAL DEVELOPMENTS INTERNATIONAL, INC.'S LIMITED OBJECTION TO SCK, INC. AND RADIOSHACK CORPORATION'S SUBPOENA FOR THIRD PARTY DOCUMENTS**

_____

The Tokio Marine and Nichido Fire Insurance Company, LTD (United States Branch) ("Tokio Marine"), by and through its undersigned counsel, hereby files this Limited Objection and Joinder in the Limited Objection of Industrial Developments International, Inc. ("IDI") to SCK, Inc. and Radioshack Corporation's ("Radioshack") Subpoena for Third Party Documents. In support thereof, Tokio Marine sets forth as follows:

1.      This action is an apparent dispute over property insurance proceeds for damages caused by a tornado and a separate fire at a warehouse in Southaven, Mississippi.  IDI and Tokio Marine are third parties to this action and claim no entitlement to the insurance proceeds at issue herein.

2.     IDI is an indirect part owner of Strategic Industrial Properties, LLC, which is the owner of Industrial Property Fund, VI ("IPF VI").  The subject warehouse is owned by IPF VI.  Tokio Marine insured a portion of the subject warehouse and paid several million dollars resulting from the wind damage and the fire described above.  Tokio Marine's payments were for claims separate and distinct from those at issue herein.

3.     As a result of the aforementioned insurance payments, by virtue of subrogation rights contained in the subject Tokio Marine insurance policy, and by virtue of assignments executed in favor of Tokio Marine, Tokio Marine is entitled to recover damages from the persons/entities causing or legally responsible for causing the fire.  Accordingly, Tokio Marine is a real party in interest with regard to the losses to the subject warehouse described above.

4.     On February 4, 2010, Radioshack issued a document subpoena to IDI seeking information such as "all documents and electronically stored information concerning, referring to, or relating to the tornado loss or the fire loss" (the "Subpoena").  IDI has filed a Limited Objection to the Subpoena.  Tokio Marine hereby joins in IDI's Limited Objection for the reasons described therein.

5.     Tokio Marine also objects to the Subpoena for the reasons described below.

6.     Tokio Marine and IPF VI are Plaintiffs in a separate litigation against those causing/responsible for the fire.  In the subrogation action, the interests of Tokio Marine and IPF VI (and IDI, an indirect part owner of IPF VI) are aligned and they have retained the same attorneys. Tokio Marine objects to the Subpoena to the extent that it seeks information or documents generated in anticipation of litigation or the disclosure of which would violate the attorney client privilege and/or the work product doctrine.  The Subpoena also seeks

2

confidential, proprietary information.

7.      In addition, the Subpoena is overbroad, not reasonably limited in scope, improperly seeks irrelevant information and is vague and ambiguous.  For example, the Subpoena seeks "[a]ll documents and electronically stored information concerning, referring to, or relating to" the wind and fire damage.  Simply stated, the subpoena is a global "catchall" document request.  Tokio Marine understands that there are approximately 10,000 pages of potentially responsive documents in IDI's possession or control.  Many of these documents would likely have no relevance whatsoever to the claims at issue herein.    Radioshack should be required to limit the scope of the subpoena to relate only to matters relevant to this action, to specify the types of documents sought by the subpoena, and to articulate how the documents sought relate to the instant action.

8.      The Subpoena as currently drawn is also unduly burdensome and costly.  Tokio Marine objects to undertaking a privilege review of the 10,000 pages of documents unless Radioshack pays for the reasonable costs of doing so, including attorney's fees incurred by IDI and Tokio Marine in preparing the production.[1]  However, if Radioshack were required to narrow the scope of documents sought to specified categories, and to articulate the relevance of those categories of documents to the instant action, Tokio Marine could likely avoid the useless expense of reviewing the entirety of the approximately 10,000 pages of documents that are encompassed by the subpoena as currently drawn.

9.      IDI's limited objection to the subpoena is scheduled for hearing on Tuesday, March 16, 2010.  Tokio Marine respectfully requests that its limited objection and joinder in IDI's limited objection to the Subpoena be brought on for hearing at the same time as IDI's

3

limited objection on March 16, 2010.

        This, the 11th day of March, 2010.

                              Respectfully submitted,

                              TOKIO MARINE AND NICHIDO FIRE
                              INSURANCE COMPANY, LIMITED (UNITED
                              STATES BRANCH)


                              BY:     *s/Trey Manheim*
                              TREY MANHEIN (MS Bar No.101133)
                              GREGG A. CARAWAY (MS Bar No. 8443)
                              TREY C. DELLINGER (MS Bar No. 10348)

                              WELLS MARBLE & HURST, PLLC
                              300 Concourse Boulevard, Suite 200
                              Ridgeland, Mississippi  39157
                              Telephone:  (601) 605-6900
                              Facsimile:  (601) 605-6901

---

[1] Radioshack has previously agreed to pay the reasonable copy costs incurred by IDI for the production.

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2010, a true and correct copy of the foregoing was serviced on all counsel of record via electronic filing system to:

Scott Jones, Esq.
ADAMS AND REESE LLP
111 East Capitol Street, Ste. 350
P. O. Box 24297
Jackson, Mississippi  39225-4297

Marcus Wilson, Esq.
BENNETT, LOTTERHOS, SULSER & WILSON, P.A.
P. O. Box 98
Jackson, Mississippi  39205-0098

Dated this the 11th day of March, 2010.

*s/Trey Manheim*
TREY MANHEIM