IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:                          )
                                )
WAREHOUSE 86, LLC               )    CASE NO.    08-03423-EE
                                )    Chapter 11
        Debtor                  )
_____)

AGREED ORDER GRANTING DEBTOR'S MOTION
TO COMPROMISE AND SETTLE DISPUTED CLAIMS WITH
EMPLOYERS MUTUAL CASUALTY INSURANCE COMPANY
[Dkt. # 206; 213]

There came on for consideration before the Court the Debtor's Motion to Compromise and Settle Disputed Claims with Employers Mutual Casualty Insurance Company ("EMC") [Dkt. # 206] (the "Motion"), and Response filed by SCK, Inc., f/k/a S.C. Kiosks, Inc., and RadioShack Corporation (collectively, "SCK") [Dkt. # 213] The Court being fully advised in the premises, finds and orders as follows:

1.    On November 4, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to manage its assets as Debtor in possession. No trustee or examiner has been appointed in this case.

2.    An Official Committee of Unsecured Creditors (the "Committee") was appointed in this case on November 19, 2008 [Dkt. # 062]. The Committee has not retained counsel or hired any professionals.

3.    This Court has jurisdiction over this matter pursuant to 28 U. S. C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. This matter is governed by Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

EXHIBIT
B

4. The only response that was timely filed by any party in interest to the Motion was that of SCK, which response has been resolved by the entry of this Order.

5. The compromise is fair and equitable and in the best interests of the bankruptcy estate in light of:

(1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(2) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay;

(3) The fact that settlement is nearly for the amount of the policy limits; and

(4) All other factors bearing on the wisdom of the compromise.

6. Good cause exists to approve the Motion and the Debtor's compromise and settlement of all claims against EMC for the Tornado Loss and for the Fire Loss for the total amount of $2,099,882.35 (the "Insurance Proceeds") in four checks, as evidenced by collective Exhibit "B" to the Motion, as follows:

| Date | Payees | Check Number | Amount |
| --- | --- | --- | --- |
| 07/23/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03305822 | $1,060,000.00 |
| 08/12/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03306059 | $979,882.35 |
| 08/12/2009 | Warehouse 86, LLC and SC Kiosks, Inc. | H03306060 | $50,000.00 |
| 07/22/2009 | Warehouse 86, LLC | H03305808 | $10,000.00 |
| Total | | | $2,099,882.35 |

7. Nothing contained in the Motion, in the Response filed by SCK, or in this Order shall in any way affect the rights, claims, or defenses of the Debtor, SCK, Inc. and RadioShack Corporation in regards to that certain adversary proceeding styled "*SCK, Inc., f/k/a S.C. Kiosks, Inc., and RadioShack Corporation v. Warehouse 86, LLC*" pending in this Bankruptcy Case, Adversary Proceeding No. 09-00139, or in regards to those moneys previously interpled into the registry of the Court in the amount of $2,089,882.35, as reflected by that certain *Order Granting*