# **Exhibit H**

01 0286-0

## ASSIGNMENT OF AND AMENDMENT TO INDUSTRIAL LEASE AGREEMENT

THIS ASSIGNMENT OF AND AMENDMENT TO INDUSTRIAL LEASE AGREEMENT (this "Assignment") is made as of the 1st day of October, 2004 (the "Effective Date"), by and between WIRELESS RETAIL, INC., a Texas corporation ("Assignor"), SC KIOSKS, INC., a Delaware corporation ("Assignee"), and INDUSTRIAL DEVELOPMENTS INTERNATIONAL, INC., a Delaware corporation ("Landlord"). Landlord, Assignor and Assignee are sometimes collectively referred to herein as the "Parties".

### BACKGROUND

WHEREAS, Landlord, as landlord, and Assignor, as tenant, entered into that certain Industrial Lease Agreement dated June 17, 2003 (the "Lease"), for approximately 177,039 square feet of space located within Airways Distribution Center, Building C, 481 Airport Industrial Drive, Suite 110, DeSoto County, Mississippi (the "Demised Premises"), said Lease having been guaranteed by Wireless America, Inc. (the "Original Guarantor");

WHEREAS, Assignor has agreed, among other things, to transfer and assign to Assignee all of Assignor's right, title and interest in, to and under the Lease, and Assignee has agreed to accept and assume the obligations of Assignor under the Lease, upon the terms and conditions set forth herein;

WHEREAS, the Lease currently requires that Assignor obtain Landlord's written consent to any such assignment prior to the same becoming effective (or as a condition precedent to the effectiveness thereof); and

WHEREAS, by its execution of this Assignment, Landlord shall have consented to the assignment of Assignor's interests under the Lease to Assignee upon the terms and conditions set forth herein.

### AGREEMENT

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration in hand paid by each of the Parties to the other upon the execution of this Agreement, the receipt and sufficiency of which are hereby acknowledged by each of the Parties, the Parties hereby agree as follows:

1. Assignor hereby assigns to Assignee all of Assignor's right, title and interest as "Tenant" under the Lease, and Assignee accepts such assignment and does hereby assume and agree to perform and be bound by the obligations of "Tenant" under the Lease to the extent arising from or after the Effective Date.

2. Assignor and Assignee acknowledge and agree that (a) Landlord shall retain and apply (i) Assignor's existing security deposit under the Lease in the amount of $48,271.00, and (ii) any monies due Assignor in connection with the 2003 Operating Expense reconciliation to the September 2004 rent and charges past due and owing under the Lease, and (b) Assignee shall deposit the amount of $48,271.00 as the replacement security deposit to secure the full and faithful performance by Assignee, as "Tenant" under the Lease, of each and every term, covenant and condition of the Lease assumed by Assignee pursuant hereto, which replacement security deposit shall be maintained throughout the term of the Lease and applied or retained in accordance with the terms and conditions of Section 5(a) of the Lease.

ATL01/11748188v1/sl

POOR QUALITY

3. Subject to Assignor's compliance with Section 3 of this Assignment, Landlord does hereby release and discharge Assignor and the Original Guarantor from liability for any Base Rent or contributions toward Operating Expenses that came due prior to the Effective Date, and from any and all obligations under the Lease first arising or accruing on or after the Effective Date; it being the intent of Landlord and Assignor that Assignor (and the Original Guarantor) shall remain liable for any other obligations under the Lease arising, accruing, or relating to circumstances in existence prior to the Effective Date.

4. Simultaneously with Assignee's execution of this Assignment and in further consideration of Landlord's consent hereto, RadioShack Corporation ("Guarantor"), Assignee's parent company, has executed and delivered a Guaranty (the "Guaranty") in the form attached hereto as Exhibit A, whereby Guarantor guarantees the full and faithful payment and performance by Assignee of the obligations of "Tenant" under the Lease first arising or accruing from or after the Effective Date.

5. In the event that voluntary or involuntary bankruptcy petition is filed by or against Assignor or the Original Guarantor and the Lease is rejected in connection therewith, Assignee and Landlord hereby agree to enter into a new lease agreement directly between them for the balance of the Term of the Lease and otherwise, upon the same terms and conditions as contained in the original Lease (and Guarantor, by its joinder hereto, does hereby agree that the Guaranty shall secure Assignee's obligations under any such new lease agreement, and, upon request of Landlord, will deliver a replacement guaranty relating specifically to any new lease agreement).

6. Assignor and Assignee represent to Landlord that, as of the date hereof, Landlord is not in default of the Lease.

7. Notwithstanding anything in the Lease to the contrary, Assignee's address for notice is 100 Throckmorton Street, Suite 1700, Fort Worth, TX 76102, Attn: VP-Law.

8. Landlord, as of the date of this Assignment, does consent to the assignment to Assignee upon the terms and conditions set forth herein; provided, however, that nothing contained herein shall be deemed to be Landlord's consent to any such future assignments (and the requirement for Landlord's consent thereto) of the Lease, it being acknowledged that any future assignments (and the requirement for Landlord's consent thereto) shall be governed by the Lease.

9. Except as otherwise expressly modified by the terms of this Assignment, the Lease shall remain unchanged and in full force and effect. All terms, covenants and conditions of the Lease not expressly modified herein are hereby confirmed and ratified and remain in full force and effect, and, as amended hereby, constitute valid and binding obligations of Landlord, Assignor and Assignee enforceable according to the terms thereof. To the extent the terms of this Assignment are inconsistent with the terms of the Lease, the terms of this Assignment shall control.

10. The submission of this Assignment shall not constitute an offer and this Assignment shall not be effective and binding unless and until fully executed and delivered by each of the Parties hereto. All of the covenants contained in this Assignment, including, but not limited to, all covenants of the Lease (as amended hereby), shall be binding upon and inure to the

POOR QUALITY                    - 2 -

benefit of the Parties, their respective heirs, legal representatives, and permitted successors and assigns.

11.  Assignor and Assignee each represent and warrant to each other, and to Landlord, that they have not engaged or had any conversations or negotiations with any broker, finder or other third party concerning this Assignment who would be entitled to any commission or fee based on the execution of this Assignment. Assignor and Assignee hereby indemnify the other and Landlord against and from any claims for any brokerage commissions and all costs, expenses and liabilities in connection therewith, including, without limitation, reasonable attorneys' fees and expenses, for any breach of the foregoing on their respective parts. The foregoing indemnification shall survive the termination of the Lease for any reason.

12.  Time is of the essence with respect to each and every one of Assignor's and Assignee's obligations under this Assignment.

13.  For convenience, this Assignment may be executed with facsimile signatures or by electronic transmission and/or in any number of counterparts, each of which shall be deemed an original and all of such counterparts, when taken together, shall constitute but one and the same document.

[signatures on following page]



POOR QUALITY

- 3 -

**IN WITNESS WHEREOF**, the Parties have hereunto set their hands and affixed their seals hereto on the day and year first above written.

ASSIGNOR:

WIRELESS RETAIL INC., a Texas corporation

By: _____
Name: J. Don McMahon
Title: President + CEO

Attest: _____
Name: Salvatore C. DiPiazza
Title: SR EVP + Vice Chairman

[CORPORATE SEAL]

ASSIGNEE:

SC KIOSKS, INC., a Delaware corporation

By: _____
Name: David S. Goldberg
Title: Vice Pres. & Asst. Secretary

Attest: _____
Name: Richard S. Jabbrick
Title: Vice President

[CORPORATE SEAL]

LANDLORD:

INDUSTRIAL DEVELOPMENTS
INTERNATIONAL, INC., a Delaware corporation

By: _____
Name: Timothy J. Gunter
Title: Secretary

Attest: _____
Name: G. Bryan Blasingame
Title: Assistant Secretary

[CORPORATE SEAL]

POOR QUALITY

- 4 -

## CONSENT

## GUARANTOR

The capitalized terms of this Consent shall have the meaning as defined in the Assignment to which this Consent is attached (the "Assignment"), unless otherwise defined. The undersigned, being the Guarantor of the Lease under that certain Guaranty dated October 1, 2004 from Guarantor to Landlord, hereby consents to the Assignment, and acknowledges and affirms that the Guaranty is in full force and effect as it relates to the Lease, as amended by the Assignment.

**GUARANTOR:**

RADIOSHACK CORPORATION, a
Delaware corporation

By: _David S Goldberg_
Name: _David S. Goldberg_
Title: _Vice Pres. - Law and Asst. Corp. Secretary_

Attest: _Richard J Jablinski_
Name: _Richard J. Jablinski_
Title: _V.P. Finance_

[CORPORATE SEAL]

**POOR QUALITY**

- 5 -

EXHIBIT A

GUARANTY

THIS GUARANTY (this "Guaranty"), made and entered into effective as of the 1st day of October, 2004, by RADIOSHACK CORPORATION, a Delaware corporation (hereinafter referred to as "Guarantor") in favor of INDUSTRIAL DEVELOPMENTS INTERNATIONAL, INC., a Delaware corporation (hereinafter called "Landlord") and any subsequent owner or holder of the Lease (as hereinafter defined).

RECITALS:

Landlord previously entered into an Industrial Lease Agreement (the "Original Lease") with Wireless Retail, Inc., a Texas corporation ("Original Tenant"), which Lease was executed by Original Tenant on June 17, 2003, with the interest of Original Tenant having been transferred and assigned to SC Kiosks, Inc., a Delaware corporation ("Tenant") pursuant to that certain Assignment of and Amendment to Industrial Lease Agreement of even date herewith (the "Assignment"), which Original Lease and Assignment (collectively, for purposes of this Guaranty, the "Lease") provide for the leasing to Tenant of approximately 177,039 square feet of space in a building located in Airways Distribution Center, in DeSoto County, Mississippi; and

Landlord will not enter into or otherwise consent to the Assignment unless Guarantor guarantees the obligations of Tenant under the Lease as set forth herein; and

Guarantor derives benefits from the assignment of the Lease to Tenant.

NOW THEREFORE, as a material inducement to Landlord to enter into the Assignment with Tenant, and for other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged and confessed, Guarantor does hereby, irrevocably and unconditionally, warrant and represent unto and covenant and agree with Landlord as follows:

1. **Guaranty** - Guarantor hereby unconditionally guarantees the full, faithful and punctual payment of all rent, additional rent and other amounts due to Landlord under the Lease by Tenant and the full, faithful and punctual performance by Tenant of all the terms, provisions and conditions of the Lease, together with interest or late charges on all of the foregoing as provided in the Lease and all other costs and expenses of collection (all of the foregoing sometimes hereinafter referred to as the "Obligations").

2. **No Discharge** - This Guaranty by Guarantor shall continue for the benefit of Landlord notwithstanding (a) any extension, modification, amendment or alteration of the Lease, (b) any assignment of the Lease, with or without the consent of Landlord, (c) any bankruptcy, reorganization, or insolvency of Tenant or any successor or assignee thereof, or (d) any release, extension or modification of the liability of Tenant or any other party liable under the Lease or any other guaranty of the Lease. This Guaranty shall in all respects be a continuing, absolute and unconditional guaranty of payment and performance and shall remain in full force and effect notwithstanding, without limitation, the death or incompetency of Guarantor or Tenant, or any proceeding, voluntary or involuntary, involving the bankruptcy, insolvency, receivership, reorganization, liquidation or arrangement of Guarantor or Tenant or by any defense which Tenant may have by reason of the order, decree or decision of any court or administrative body resulting from any such proceeding.

ATL01/11748188v1                              -1-


POOR QUALITY

3. **Primarily Liable** - This Guaranty is a guaranty of payment and not of collection. The liability of Guarantor under this Guaranty shall be joint and several and primary and direct and in addition to any right of action which shall accrue to Landlord under the Lease. Landlord shall have the right, at its option, to proceed against Guarantor (or any one or more parties constituting Guarantor) without having commenced any action, or having obtained any judgment, against Tenant or any other party liable under the Lease or any other guaranty of the Lease.

4. **Default** - In the event of a default by Tenant under the Lease, Landlord shall have the right to enforce its rights, powers and remedies under the Lease, any other guaranty of the Lease, and under this Guaranty and all rights, powers and remedies available to Landlord shall be non-exclusive and cumulative of all other rights, powers and remedies under the Lease, any other guaranty of the Lease or under this Guaranty or by law or in equity. The obligations of Guarantor hereunder are independent of the obligations of Tenant or any other guarantor, and Landlord may proceed directly to enforce all rights under this Guaranty without proceeding against or joining Tenant, any other guarantor or any other person or entity. Until all of the Obligations have been performed and paid in full, Guarantor shall have no right of subrogation to Landlord, and Guarantor hereby waives any rights to enforce any remedy which Landlord may have against Tenant.

5. **Waivers** - Guarantor expressly waives and agrees not to assert or take advantage of: (a) the defense of the statute of limitations in any action hereunder or in any action for collection of the Obligations, (b) any defense that may arise by reason of the failure of the Landlord to file or enforce a claim against Guarantor or Tenant in bankruptcy or in any other proceeding, (c) any defense based on the failure of Landlord to give notice of the creation, existence or incurring of any new obligations or on the action or non-action of any person or entity in connection with the Obligations, (d) any duty on the part of Landlord to disclose to Guarantor any facts it may know or may hereafter acquire regarding Tenant, (e) any defense based on lack of diligence on the part of Landlord in the collection of any and all of the Obligations, or (f) any demand for payment, presentment, notice of protest or dishonor, notice of acceptance of this Guaranty and any and all other notices or demands to which Guarantor might otherwise be entitled by law.

6. **Subordination; Waiver of Subrogation; Preference and Fraudulent Transfer Indemnity.** Any indebtedness (including, without limitation, interest obligations) of Tenant to Guarantor now or hereafter existing shall be, and such indebtedness hereby is, deferred, postponed and subordinated to the Obligations. Guarantor hereby unconditionally and irrevocably agrees that (a) Guarantor will not at any time assert against Tenant (or Tenant's estate in the event Tenant becomes bankrupt or becomes the subject of any case or proceeding under the bankruptcy laws of the United States of America) any right or claim to indemnification, reimbursement, contribution or payment for or with respect to any and all amounts Guarantor may pay or be obligated to pay Landlord, including, without limitation, any and all Obligations which Guarantor may perform, satisfy or discharge, under or with respect to this Guaranty; (b) Guarantor waives and releases all such rights and claims and any other rights and claims to indemnification, reimbursement, contribution or payment which Guarantor, or any of them, may have now or at any time against Tenant (or Tenant's estate in the event Tenant becomes bankrupt or becomes the subject of any case or proceeding under any bankruptcy laws); (c) Guarantor shall have no right of subrogation, and Guarantor waives any right to enforce any remedy which Landlord now has or may hereafter have against Tenant; (d) Guarantor waives any benefit of, and any right to participate in, any security now or hereafter held by Landlord; and (e) Guarantor waives any defense based upon an election of remedies by Landlord which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Tenant for reimbursement. The waivers hereunder shall continue and survive after the payment and satisfaction of the Obligations, and the termination or discharge of Guarantor's obligations under this Guaranty. Guarantor further hereby unconditionally and irrevocably agrees and guarantees (on a joint and several basis) to make full and

-2-

ATL01/11748188v1

POOR QUALITY

prompt payment to Landlord of any of the Obligations or other sums paid to Landlord pursuant to the Lease which Landlord is subsequently ordered or required to pay or disgorge on the grounds that such payments constituted an avoidable preference or a fraudulent transfer under applicable bankruptcy, insolvency or fraudulent transfer laws; and Guarantor shall fully and promptly indemnify Landlord for all costs (including, without limitation, attorney's fees) incurred by Landlord in defense of such claims of avoidable preference or fraudulent transfer.

7. Choice of Law - This Guaranty is to be performed in the State of Mississippi and shall be governed by and construed in accordance with the laws of the State of Mississippi, without regard to its conflicts laws or choice of law rules.

8. Time of Essence - Time is of the essence of this Guaranty.

9. Notices - Wherever any notice or other communication is required or permitted hereunder, such notice or other communication shall be in writing and shall be delivered by hand, or by nationally-recognized overnight express delivery service, by U. S. registered or certified mail, return receipt requested, postage prepaid to the addresses set out below or at such other addresses as are specified by written notice delivered in accordance herewith:

Landlord:   Industrial Developments International, Inc.
            c/o IDI, Inc.
            3424 Peachtree Road, N.E., Suite 1500
            Atlanta, Georgia 30326
            Attn: Manager – Lease Administration

Guarantor:  Radio Shack Corporation
            100 Throckmorton Street, Suite 1700
            Fort Worth, Texas 76102
            Attn: VP – Law

Any notice or other communication mailed as hereinabove provided shall be deemed effectively given (a) on the date of delivery, if delivered by hand; or (b) on the date mailed if sent by overnight express delivery or if sent by U.S. mail. Such notices shall be deemed received (a) on the date of delivery, if delivered by hand or overnight express delivery service; or (b) on the date indicated on the return receipt if mailed. If any notice mailed is properly addressed but returned for any reason, such notice shall be deemed to be effective notice and to be given on the date of mailing.

10. Authority - If Guarantor is not a natural person, Guarantor shall cause its corporate secretary or general partner, as applicable, to execute the certificate attached hereto as Exhibit A. Guarantor is authorized by all required corporate or partnership action to enter into this Guaranty and the individual(s) signing this Guaranty on behalf of Guarantor are each authorized to bind Guarantor to its terms.

11. Successors and Assigns - This Guaranty shall be binding upon and inure to the benefit of the parties hereto and their heirs, legal representatives, successors and assigns.

-3-

ATL01/11748188v1

POOR QUALITY

IN WITNESS WHEREOF, Guarantor has executed under seal and delivered this Guaranty to Landlord on the date and year above first written.

GUARANTOR:

RADIOSHACK CORPORATION, a Delaware corporation

By: _____
Name: **DAVID S. GOLDBERG**
Title: _Vice Pres. - Law & Asst. Corp. Secretary_

Attest: _____
Name: _____
Title: _ASS'T CORP. SECRETARY_

[CORPORATE SEAL]

**IMAGING SERVICES**

ATL01/11748188v1

-4-

POOR QUALITY

EXHIBIT A

## CERTIFICATE OF AUTHORITY
## CORPORATION

The undersigned, Assistant Corporate Secretary of RADIOSHACK CORPORATION, a Delaware corporation ("Guarantor"), hereby certifies as follows to INDUSTRIAL DEVELOPMENTS INTERNATIONAL, INC. ("Landlord"), in connection with the execution of a Guaranty by Guarantor (the "Guaranty") of that certain Industrial Lease Agreement dated June 17, 2003 between Landlord and Wireless Retail, Inc., a Texas corporation ("Original Tenant"), as assigned by Original Tenant to SC KIOSKS, INC., a Delaware corporation ("Tenant") (such Lease and Assignment being collectively referred to as the "Lease") relating to the lease of approximately 177,039 square feet within Building C, at Airways Distribution Center, DeSoto County, Mississippi (the "Premises"):

1. Guarantor is duly organized, validly existing and in good standing under the laws of the State of Delaware, and duly qualified to do business in the State of Mississippi.

2. That the following named persons, acting individually, are each authorized and empowered to negotiate and execute, on behalf of Guarantor, a Guaranty of the Lease and that the signature opposite the name of each individual is an authentic signature:

**DAVID S. GOLDBERG**  Vice Pres-Law & Asst Corp Secretary       /s/ David S Goldberg
(name)                 (title)                                    (signature)

_____        _____                            _____
(name)                 (title)                                    (signature)

_____        _____                            _____
(name)                 (title)                                    (signature)

3. That the foregoing authority was conferred upon the person(s) named above by the Board of Directors of Guarantor, at a duly convened meeting held Sept. 24, 2004.

/s/ Assistant Corporate Secretary

[CORPORATE SEAL]

ATL01/11748188v1

POOR QUALITY