IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

In re:

    WAREHOUSE 86, LLC                           CASE NO. 08-03423-EE
                                                                             Chapter 11

              Debtor

SCK, INC. and
RADIOSHACK CORPORATION

             Plaintiffs
v.                                                        Adv. Pro. No. 09-00139-EE

WAREHOUSE 86, LLC,

             Defendant

### WAREHOUSE 86, LLC'S MOTION FOR STATUS CONFERENCE

Warehouse 86, LLC, the Debtor-in-Possession herein ("Warehouse 86" or the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. § 105(d) and Local Rule 7016-1(a), files this Motion for Status Conference in the above styled and numbered cause, and in support thereof respectfully would show unto the Court the following:

    1.      On November 4, 2008 (the "Petition Date"), Warehouse 86, LLC filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to manage its assets as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  An official committee of unsecured creditors (the "Committee") was appointed by the United States Trustee on November 19, 2008 [Dkt. # 62]. No request for appointment of a trustee or examiner has been made herein.

3.  On November 11, 2008, the Debtor filed its *Motion for Authority to Sell Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Outside of the Ordinary Course of Business and Assuming and Assigning Certain Unexpired Leases and Executory Contracts* [Dkt. #32]

4.  On December 10, 2008, the Court entered its *Order Granting Motion for Authority to Sell Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Outside of the Ordinary Course of Business and Assuming and Assigning Certain Unexpired Leases and Executory Contracts Pursuant to 11 USC Sections 105, 363, and 365* [Dkt. # 70].

5.  On December 17, 2008, the Debtor filed its *Report of Sale [Dkt. #76]* with the Court.

6.  On June 30, 2009, the Debtor filed its chapter 11 Plan and Disclosure Statement [Dkt. ## 152; 153].

7.  On August 25, 2009, the Debtor and SCK, Inc. ("SCK") and RadioShack Corporation ("RadioShack") filed a *Joint Motion for Authority to Deposit Insurance Proceeds into the Registry of the Court in Contemplation of the Filing of a Complaint for Declaratory Judgment* [Dkt. # 181], and on August 26, 2009, the Court entered its Order granting that Joint Motion [Dkt. # 184].

8.  On August 26, 2009, the Debtor deposited the sum of $2,039,882.35 (the "Insurance Proceeds") into the registry of the Court as evidenced by Receipt Nos. 131068 – 131071.

9.  On November 2, 2009, SCK and RadioShack filed a Complaint (Adversary Proceeding No. 09-00139-EE) seeking a declaratory judgment against Warehouse 86, LLC [Dkt. # 197; Adv. #1] that "pursuant to the Sublease and the applicable law, they are entitled to all of the Insurance Proceeds to the exclusion of Defendant, Defendant's bankruptcy estate and Defendant's creditors." (the "Declaratory Judgment Action").

10. On December 2, 2009, the Debtor filed its Answer to Complaint and Counterclaim against RadioShack Corporation and SCK, Inc. f/k/a SC Kiosks, Inc. [Adv. Dkt. # 6] In that pleading, the Debtor sought a declaratory judgment "declaring that it is entitled to the 'insurance proceeds'."

11. On April 1, 2010, in an effort to narrow the issues before the Court, the Debtor filed its Motion for Partial Summary Judgment [Adv. Dkt. # 29]. That Motion has now has been fully briefed by both sides.

12. The parties have undertaken discovery in the Declaratory Judgment Action. SCK and RadioShack have deposed the CFO of the Debtor, and the Debtor has taken the Rule 30(b)(6) depositions of SCK and RadioShack. In addition, documents have been produced and other discovery propounded.

13. SCK and RadioShack have indicated their desire to conduct at least four more depositions, to wit, Mr. Eilertsen (in Memphis), Mr. Marchetti (in Ridgeland), Mr. St. James (in New Jersey), and the Debtor (resumed) (in Ridgeland). They have, in addition, indicated a desire to obtain a vast quantify of computer-stored data from Sellertech, a non-party (in Arizona). The Debtor, for its part, believes that the 30(b)(6) depositions of SCK and RadioShack must be resumed due to the inability of the SCK/RadioShack designee (coming from Texas) to respond to questions within the scope of the deposition notice.

14. It is clear that the parties have vastly different views of the scope of the Declaratory Judgment Action. SCK and RadioShack contend that they have a right to the Insurance Proceeds under the insurance policy, but also under the terms of their Sublease with the Debtor. The Debtor contends that the policy is the sole and exclusive source of SCK's (and RadioShack's) rights in the Insurance Proceeds.

15. In lieu of extensive and expensive discovery about to take place (discovery which the Debtor verily believes is largely if not wholly irrelevant), the Debtor recently proposed that the parties consider mediation. SCK and RadioShack, however, declined that request and responded that a mediation would not be beneficial until all discovery had been completed.

16. The Debtor submits that the Court should conduct a status conference in this matter at the earliest practicable time to narrow the issues and to further an expeditious and economical resolution of this case.

17. Rule 7016-1(a) of the Local Rules provides for case management, status and scheduling conferences in chapter 11 cases. That rule specifically provides as follows:

**(a) Case management, status and scheduling conferences in chapter 11 cases**

The court on its own motion or on the motion or request of a party in interest may conduct case management, status and scheduling conferences at such times during a case as will further the expeditious and economical resolution of the case. At the conclusion of each such conference, the court may enter case management, scheduling or pre-trial orders as may be required. Such orders may establish notice requirements, set dates on which motions and proceedings will be heard, establish procedures (including briefing schedules) and address such other matters as may be appropriate. This rule shall be applicable in matters contemplated under Fed. R. Bankr. P. Rule 9014.

18. The Debtor submits that the Court should conduct a status conference in this matter at the earliest practicable time to narrow the issues and to further an expeditious and economical resolution of this case.

WHEREFORE, the Debtor respectfully request that this Court schedule a status conference with the counsel for the parties to the Adversary Proceeding to discuss issues that would further the expeditious and economical resolution of the case.

Respectfully submitted,

WAREHOUSE 86, LLC

By: *s/ Stephen W. Rosenblatt*
    STEPHEN W. ROSENBLATT (MB No. 5676)
    ROBERT M. FREY (MB No. 5531)

Its Attorneys

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39158-6010
601-948-5711
601-985-4500 (fax)

## CERTIFICATE OF SERVICE

I, Robert M. Frey, one of the attorneys for Warehouse 86, LLC, certify that I have this day caused a true and correct copy of the foregoing pleading send by electronic mail to the following persons:

    Marcus M. Wilson, Esq.
    W. Lee Watt, Esq.
    BENNETT LOTTERHOS SULSER & WILSON, P.A.
    One Jackson Place
    188 East Capitol Street, Suite 1400
    Jackson, Mississippi 39201
    mwilson@blswlaw.com

    ATTORNEYS FOR SCK, INC. and RADIOSHACK CORPORATION

Ronald McAlpin, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Suite 706, A. H. McCoy Federal Building
100 West Capitol Street
Jackson, Mississippi   39269
Ronald.McAlpin@USDOJ.gov

This, the 28th day of May, 2010.

            *s/ Stephen W. Rosenblatt*
            STEPHEN W. ROSENBLATT

Jackson 5197427v1