UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---------------------------------------------------x

In re:                                                                             Case No. 08-03423-EE
WAREHOUSE 86, LLC,                                                    Chapter 11

       Debtor.

--------------------------------------------------- x

SCK, INC. and RADIOSHACK CORPORATION,        Adv. Pro. No. 09-00139-EE

       Plaintiffs

v.

WAREHOUSE 86, LLC,

       Defendant.

## **WAREHOUSE 86, LLC'S MOTION TO COMPEL**

Warehouse 86, LLC ("Warehouse 86"), acting pursuant to F. R. Civ. P. 37, and Bankruptcy Rule 7037, hereby moves this Court to enter an order compelling SCK, Inc. ("SCK"), and RadioShack Corporation ("RadioShack"), to respond properly to the Rule 30(b)(6) notices of deposition directed to them, and in support thereof would respectfully show the following:

Warehouse 86, after consulting with Plaintiffs' counsel about dates, issued two notices of deposition, one for SCK, and one for RadioShack. Adv. Docket nos. 43 & 44. Per Rule 30(b)(6), the notices (they were identical save for the name of the deponent) "describe[d] with reasonable particularity the matters for examination," to wit:

- 2 -

      1.    The factual and legal bases for SCK's claims and defenses in this case.

      2.    SCK's efforts to locate documents related to this case; which documents, if any have been requested but not produced; and the reasons for non-production.

      3.    Whether and to what extent SCK received payment from any insurer for all or any part of the property for which EMC made payment.

The deposition went forward on May 26, 2010 as scheduled, but it soon became apparent that the one individual tendered by SCK and RadioShack to speak on behalf of each, Mr. Jaime Caballero, while very pleasant and candid, was unable to answer the most basic questions posed to him about the issues in this litigation – the basis of the claims of SCK and RadioShack to the Insurance Proceeds.

**I. The SCK/RadioShack designee knew next to nothing about topic one.**

Attached hereto as Exhibit One is a copy of the transcript of the deposition. Marked with a "1" are passages in which the witness was unable to respond to questions about topic 1. The only thing Mr. Caballero could say that RadioShack wanted to be reimbursed for four items for which RadioShack had paid, *Transcript* p. 37, but he was utterly unable to state the *basis* for RadioShack's claim. *Transcript* pp. 36-38; 40-41; 56-57, 58, 59. He did not even know the amount of one of the four items, *Transcript* p. 39, nor did he even know how the $1,064,361 item was calculated. *Transcript* pp. 34-35. He could only say that he thought one of the items had been damaged by the tornado. *Transcript* p. 49. He was not sure which of the damaged items

SCK/RadioShack claimed an interest in — he named some, but could not be sure that these were all.  *Transcript* pp. 52-54.

He did not know anything about SCK/RadioShack's claim that Warehouse 86 should not have been involved in the adjusting process, *Transcript* p. 44, or their claim that Warehouse 86 improperly influenced Employers' Mutual, *Transcript* pp. 61 & 63, or their claim that Employer's Mutual paid too much for some items, and too little for others, *Transcript* p. 62, or their claim that Warehouse 86 ought not to have involved itself in the loss-adjustment process.  *Transcript* pp. 62-64.  He knew nothing about SCK/RadioShack's wrongful cancellation of the Sublease.  *Transcript* p. 46.  He could not say whether RadioShack approved the insurance policy obtained by Warehouse 86, *Transcript* pp. 21-22 (and he did not bother to check).

**II.  The SCK/RadioShack designee knew next to nothing about topic two.**

Marked with a "2" on Exhibit One – the copy of the unofficial transcript of the deposition, are passages in which the witness was unable to respond to questions about topic 2.  The *only* thing that Mr. Caballero, the SCK/RadioShack designee, knew about topic 2 was that he had looked in his own "file," and found half a dozen invoices -- and that he did not even bother to check his old emails.  He did not know *anything* about what anyone else did to locate responsive documents.  *See Transcript* pp. 13-14, 24, 64.

**III.  The SCK/RadioShack designee knew next to nothing about topic three.**

The third topic was whether there has been any double payment, i.e., have RadioShack/SCK insurers paid for anything that Employers' Mutual also

- 3 -

paid for.  Mr. Caballero did not know what Employers' Mutual had paid for. *Transcript* p. 55 & 59.  This bears repeating:  The entire adversary proceeding is about who gets the Insurance Proceeds that Employer's Mutual paid, but Mr. Caballero *did not even know what Employer's Mutual paid for.  Transcript* p. 60.

### IV. The SCK/RadioShack designee knew next to nothing because SCK and Radio Shack failed to discharge their duty to prepare him.

The reason Mr. Caballero was unable to answer the most basic question is that SCK and RadioShack failed to discharge their duty to prepare him.  He admitted that, apart from meeting with company lawyers, the only preparation he had done was to look over half a dozen invoices.  *See Transcript* pp. 11, 17, 21-22.  He made no attempt to educate himself—did not, for example, even bother to look for the file of Judy McCampbell, the RadioShack employee who was responsible for these claims.  *Transcript* p. 31; 28-30.  And since he had virtually no personal knowledge[1], this meant that Mr. Caballero knew essentially nothing about the claim of SCK and RadioShack to the Insurance Proceeds.

This is entirely inadequate.  The law says, very clearly, that SCK and RadioShack were obliged to prepare their designee:

> [T]he deponent " 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to **prepare** those persons in order that

---

[1] *See Transcript* pp. 28-30 (when tornado hit, Mr. Caballero heard RadioShack's director of risk management, Judy McCampbell, make a comment about it; later he paid a few invoices related to it.  Other than that he knows nothing.  Ms. McCampbell and Mr. Jim Spisak [who attended the deposition, but was, inexplicably, *not* designated] handled everything).

> they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.' " "[T]he duty to present and **prepare** a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." The deponent must **prepare** the designee to the extent matters are reasonably available, whether from <u>documents</u>, <u>past employees</u>, or other sources. . . . In advance of the deposition, [the party being deposed] ha[s] a duty to prepare [its designee] on th[e] issue[s] [specified in the notice] and to impart to him the information obtained from individuals with personal knowledge within the organization.

*Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433-35 (5th Cir. 2006) (citations omitted; italics original, bold and underlining supplied).

"If it becomes obvious that the deposition representative designated by the corporation is deficient," the Fifth Circuit continued, "the corporation is obligated to provide a substitute." *Brazos River Authority*, 469 F.3d at 433. This is true even if the party being deposed "in good faith thought deponent would satisfy the deposition notice. . . ." *Id.* at note 19. "[F]ail[ure] to designate an available, knowledgeable, and readily identifiable witness . . .is, for all practical purposes, no appearance at all." *Id.* at 434 (internal quotation marks omitted).

Warehouse 86 asked for a substitute, but RadioShack/SCK refused. After an off-the-record discussion between the attorneys in an attempt to resolve the issue of SCK and RadioShack providing a substitute or an additional witness, the transcript reflects that SCK and RadioShack refused the request of Warehouse 86, LLC:

> Mr. Frey: Lee, thank you for visiting with me off the record. It's our view that we need another witness or witnesses to respond to the topics, and its your view that you don't; is that fair?

- 5 -

Mr. Watt: That's absolutely our position.

*Transcript* pp. 67:24 to 68:6.

This Court should enter an order requiring RadioShack and SCK to appear again for this deposition, with a witness or witnesses who is fully prepared to respond with all information reasonably available to the companies. Warehouse 86 reserves the right to seek costs, fees, and other sanctions, but does not so seek at this time. *See Ash v. Ford Motor Co.,* 2008 WL 1745545, *6 (N.D. Miss.) (ordering 30(b)(6) deposition to be conducted again, this time at the expense of the deponent, who failed properly to prepare its designee).

        Respectfully submitted,

        WAREHOUSE 86, LLC

        By: *s/ Robert M. Frey*
        ROBERT M. FREY (MB No. 5531)
        STEPHEN W. ROSENBLATT (MB No. 5676)

        Its Attorneys

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi  39158-6010
601-948-5711
601-985-4500 (fax)

- 7 -

## **CERTIFICATE OF SERVICE**

I, Robert M. Frey, one of the attorneys for Warehouse 86, LLC, certify that I have this day caused a true and correct copy of the foregoing pleading send by electronic mail to the following persons:

>Marcus M. Wilson, Esq.
>BENNETT LOTTERHOS SULSER & WILSON, P.A.
>One Jackson Place
>188 East Capitol Street, Suite 1400
>Jackson, Mississippi  39201
>mwilson@blswlaw.com
>
>ATTORNEYS FOR SCK, INC. and RADIOSHACK CORPORATION
>
>Ronald McAlpin, Esq.
>OFFICE OF THE UNITED STATES TRUSTEE
>Suite 706, A. H. McCoy Federal Building
>100 West Capitol Street
>Jackson, Mississippi  39269
>Ronald.McAlpin@USDOJ.gov

June 8, A. D. 2010.

>*s/ Robert M. Frey*
>ROBERT M. FREY

Jackson 5190880v2