UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

In re:

WAREHOUSE 86, LLC                                    Case No. 08-03423-EE
                                                                Chapter 11

     Debtor


SCK, INC. and
RADIOSHACK CORPORATION                                            Plaintiffs


v.                                                   Adv. Pro. No. 09-00139-EE


WAREHOUSE 86, LLC                                                Defendant


## OBJECTIONS OF SELLERTECH, LLC
## TO INSPECTION OR COPYING OF DESIGNATED MATERIAL

     SellerTech LLC, having been served with a "Subpoena In An Adversary Proceeding," a copy of which is attached hereto as Exhibit "A" ("the Subpoena"), hereby submits its "written objection to inspection or copying of any or all of the designated materials" under Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45(c)(2)(B).

     1.     Rule 45(c)(2)(B) provides as follows (emphasis supplied):

     (B)    *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

     (i)     At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii)   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

2.   The Subpoena demands that SellerTech produce, in Jackson Mississippi, a "computer system." The referenced system, which consists of approximately two dozen servers, is located in Arizona, far beyond the reach of the Subpoena.

3.   Production of the "computer system" in Jackson would impose upon SellerTech, which is, in the words of Rule 45(c)(2)(B), "a person who is neither a party nor a party's officer," the kind of "significant expense resulting from compliance" that is absolutely forbidden by the Rule.

4.   Rule 45(c)(1) (incorporated by Bankruptcy Rule 9016), imposes on SCK and RadioShack an affirmative duty to narrow the scope of the request of the subpoena to avoid an undue burden on or expense to SellerTech, the party on whom the subpoena is served. The applicable portion of Rule 45 provides as follows:

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

5.   There is no reason to believe that any of the data on the computer system is relevant. As explained in Warehouse 86's motion to quash the Subpoena, only a small percentage of the data on the computer system could have been used to answer a question in the Rule 30(b)(6) deposition of the corporate representative of the Debtor, a question that has already been answered (and by an alternative, less burdensome means).

2

6.     SellerTech, cooperating with the Debtor, made the "computer system" available to Plaintiffs remotely, at the Friday, June 11 resumed deposition of the Debtor's representative with the witness having real-time remote access to the computer system in case such access was needed to answer other questions. At that deposition, Plaintiffs could have asked each and every question they wished to ask about the system and the data thereon (and, in fact, asked many such questions). Enforcement of the subpoena would be entirely duplicative of the June 11 exercise, and thus the burden on SellerTech, even if otherwise reasonable, would be entirely unnecessary and thus unreasonable. Therefore, there is no reason to and no grounds for enforcing the Subpoena.

7.     Additionally, the Subpoena is overbroad on its face. Also, as pointed out in Warehouse 86's motion to quash, it is untimely.

8.     The Subpoena also calls for disclosure of "a trade secret or other confidential research, development, or commercial information" of SellerTech within the meaning of Rule 45(c)(3)(B)(i), and therefore ought to be quashed or modified.

9.     Finally, the Subpoena, which demands the physical transfer of a large computer system from Arizona to Mississippi, calls for "Inaccessible Electronically Stored Information" within the meaning of Rule 45(d)(1)(D) (emphasis supplied):

> (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of **electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.** On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

3

It is not that the data itself is not reasonably accessible. As noted above, for the time being at least, it is available remotely. The data, however, is not "reasonably accessible" if the access demanded by SCK and RadioShack is physical movement of the system from Arizona to Jackson.

WHEREFORE, premises considered, SellerTech, LLC gives notice, pursuant to Rule 45(c)(2)(B), that the "acts [demanded in the Subpoena] may be required only as directed in" an order, secured by Plaintiffs, compelling compliance with the Subpoena. Unless and until such an order is entered, the Subpoena is of no effect.

Respectfully submitted,

SELLERTECH, LLC


/s/ J. Walter Newman, IV
J. Walter Newman, IV

Newman & Newman
J. Walter Newman, IV, MSB No. 3832
248 East Capitol Street, Ste. 539
Jackson, MS 39201
Telephone: (601) 948-0586
Facsimile: (601) 948-0588
Attorney for SellerTech LLC

## CERTIFICATE OF SERVICE

I, J. Walter Newman, IV do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Ronald H. McAlpin, Esquire
Office of the United States Trustee
Suite 706, A.H. McCoy Federal Building
100 West Capitol Street
Jackson, MS 39269
Ronald.McAlpin@USDOJ.gov

W. Lee Watt
Marcus M. Wilson
Andrew R. Wilson
Bennett Lotterhos Sulser & Wilson, P.A.
P.O. Box 98
Jackson, MS 39205-0098
lwatt@blswlaw.com
awilson@blswlaw.com
mwilson@blswlaw.com

Robert M. Frey
Stephen W. Rosenblatt
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39158-6010
Bob.frey@butlersnow.com
Steve.Rosenblatt@butlersnow.com

Dated this the 15th day of June, 2010.

/s/ J. Walter Newman, IV
J. Walter Newman, IV

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District _of Mississippi_ _____

In re  Warehouse 86, LLC ,
          Debtor

SCK, Inc. and RadioShack Corporation,
          Plaintiff

      v.

Warehouse 86, LLC ,
          Defendant

To: Ernest K. Strahan,III
Sellertech,LLC
5 River Bend Place, Suite D, Flowood MS 39232

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.* 08-03423-EE

Chapter  11

Adv. Proc. No.* 09-00139-EE

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): The "computer system" that helps to decipher the "G numbers" contained in the inventory lists of Warehouse 86, LLC.  The same computer system mentioned by Ernest K. Strahan, III in his May 5, 2010 deposition in the above-referenced matter.  Copies of the deposition transcript pages mentioning the "Computer system" are attache

| PLACE Bennett Lotterhos Sulser & Wilson, P.A. 190 E. Capitol Street, Suite 650 Jackson, Mississippi  39201 | DATE AND TIME June 18, 2010 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Andrew R. Wilson, Attorney for Plaintiff | DATE June 2, 2010 | **EXHIBIT A** |
|---|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Andrew R. Wilson, Bennett Lotterhos Sulser & Wilson, P.A. 190 E. Capitol St. Ste. 650 Jackson MS

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                        SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).