UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

----------------------------------------------x

In re:                                                                        Case No. 08-03423-EE
WAREHOUSE 86, LLC,                                               Chapter 11

      Debtor.

---------------------------------------------- x

SCK, INC. and RADIOSHACK CORPORATION,          Adv. Pro. No. 09-00139-EE

      Plaintiffs                                              :

v.

WAREHOUSE 86, LLC,

      Defendant.

### WAREHOUSE 86, LLC'S RESPONSE TO PLAINTIFFS' "MOTION TO EXTEND DISCOVERY AND OTHER RELIEF"

Debtor Warehouse 86, LLC, responds to Plaintiffs' "Motion to Extend Discovery and Other Relief" (docket no. 53), and in support thereof would respectfully show the following:

**I.  SCK and Radioshack must establish "good cause" for a third extension of the discovery deadline.**

In order to obtain an extension of the discovery deadline SCK and Radioshack must show "good cause."   Bankruptcy Rule 7016; F. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").   The Fifth Circuit has identified four factors to which this Court

should look in determining whether SCK and Radioshack have established "good cause":

> (1) the explanation for the failure [to meet the deadline]; (2) the importance of the [discovery] (3) potential prejudice in allowing the [discovery]; and (4) the availability of a continuance to cure such prejudice.

*Reliance Ins. Co. v. Louisiana Land and Exploration Co.* 110 F.3d 253, 257 (5th Cir. 1997) (internal quotation marks omitted; bracketed material altered). As few as two of these factors will support a denial of the requested extension. *Id.* ("Here two of the four *Geiserman* factors counsel against allowing a deviation from the trial court's scheduling order. We are not persuaded that the court abused its discretion under Rule 16(b)").

**I.  SCK and Radioshack have failed to establish "good cause."**

**A.  The explanation given by SCK and Radioshack for their failure to meet the deadline is inadequate.**

SCK and Radioshack begin by announcing (docket 53 p. 1) that they "have diligently worked to complete discovery," but the record shows otherwise. SCK filed this adversary proceeding on November 2, 2009. By order dated December 2, 2009 (docket no. 7) this Court established February 26, 2010 as the deadline for completion of discovery. This order, of course, reflected the Court's considered judgment that three months of discovery would be sufficient. Soon thereafter (December 8) the Court extended the deadline by two months, to May 26. Docket no. 9. SCK and Radioshack waited until February 2, 2010 – two full months – to begin conducting discovery. Docket nos. 12 & 13. Given that Warehouse 86 had, under the rules, thirty days in which to respond, this meant

2

that by the time SCK and Radioshack could expect to receive the first shred of discovery from Warehouse 86, three months would have elapsed.

On March 15 an additional lawyer appeared for SCK and Radioshack (docket 21), who immediately secured, by agreement, yet another extension of discovery, this time to June 10.   Docket no. 26.   It was not until April 23 – five months into the discovery period -- that SCK and Radioshack issued their first notice of deposition.   Docket no. 34.

The record does not show diligence.   Rather, it shows what the Fifth Circuit called "ineffective litigants."   And, as the Fifth Circuit has pointed out, "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance, supra,* 110 F.3d at 257.   SCK and Radioshack assert that it is "not [their] fault" that they "ran out of time," docket no. 53 p. 2, but no where do they explain whose fault it is.   More specifically, they offer not one word of explanation as to why they could not and did not accomplish, *within the half a year of discovery already granted them,* the discovery they now seek to conduct out of time.

This is especially true of the last item on their wish list, "Other discovery which may be necessary but is unforeseen at this time."   It is one thing to agree to take this or that deposition out of time – indeed, Warehouse 86 has done so – but quite another to throw discovery wide open again so that SCK and Radioshack may burden any party, or non-party, with any demand that my happen to occur to them.

3

**B.   SCK and Radioshack have failed to show that the importance of the desired discovery.**

SCK and Radioshack make no effort at all to address the second "good cause" factor, the importance of the relief sought.   To take just one example: they wish to depose Paul St. James and Joy St. James, but they do not begin to say what relevant information the St. James can be expected to have.   Still less have they explained (nor could they explain) the importance of "Other discovery which may be necessary but is unforeseen at this time."

SCK and Radioshack devote the bulk of their motion to the Sellertech computer system, but this is now a non-issue.   Despite the utter irrelevancy of the information demanded by SCK and Radioshack, Warehouse 86 arranged last Friday (June 11) to make Mr. Strahan available for deposition with the Sellertech system accessible to him remotely.   SCK and Radioshack could and did ask every question they wished to ask about the Sellertech system and the data thereon.   Having had a full and fair opportunity to access each and every byte of data on those computers, SCK and Radioshack are entitled to nothing more.

**C & D.   Throwing discovery open again would prejudice Warehouse 86 in a way that could not be cured by a continuance.**

Every deposition that SCK and Radioshack conducts costs Warehouse 86 money, because, of course, Warehouse 86 must pay counsel to prepare, attend, participate, report on the proceedings, and prepare again to cross examine that witness at trial.   No continuance can cure this type of prejudice.

## **CONCLUSION**

SCK and Radioshack have utterly failed to carry their burden of showing

4

"good cause" for extending the discovery deadline for a third time.   Their motion should be denied.

                              Respectfully submitted,

                              WAREHOUSE 86, LLC


                              By: *s/ Robert M. Frey*
                                  ROBERT M. FREY (MSB No. 5531)
                                  STEPHEN W. ROSENBLATT (MSB No. 5676)

                              Its Attorneys

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi   39158-6010
601-948-5711
601-985-4500 (fax)

## **CERTIFICATE OF SERVICE**

      I, Robert M. Frey, one of the attorneys for Warehouse 86, LLC, do hereby certify that I have this day caused the foregoing instrument to be filed with the Court's ECF system which provided a copy to all counsel of record.

      This, the 22nd day of June, A.D. 2010.

                                                  *s/ Robert M. Frey*
                                                  ROBERT M. FREY

Jackson 5213579v1