UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---------------------------------------------------------------- x
:   Case No. 08-03423-EE
In re:                                                          :
:   Chapter 11
WAREHOUSE 86, LLC,                                              :
:
Debtor.                                                         :
:
---------------------------------------------------------------- x
:
SCK, INC. and RADIOSHACK CORPORATION,                           :   Adv. Pro. No. 09-00139-EE
:
Plaintiffs                                                      :
:
v.                                                              :
:
WAREHOUSE 86, LLC,                                              :
:
Defendant.                                                      :
:
----------------------------------------------------------------x

### AGREED ORDER REFERRING ADVERSARY PROCEEDING
### TO MEDIATION *NUNC PRO TUNC* TO AUGUST 24, 2010

Upon the *ore tenus* motion of the parties to refer this matter to mediation *nunc pro tunc* to August 24, 2010, the Court, pursuant to section 105(a) of the Bankruptcy Code, Rule 7016 of the Federal Rules of Bankruptcy Procedure, and Rule 9019-1 of the Uniform Local Rules of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi, hereby finds and orders as follows:

1.  This matter is appropriate for referral to mediation. Not only have the parties agreed to voluntarily engage in mediation, but also mediation has the potential to provide greater satisfaction of the parties and greater efficiency in achieving settlement.

2.      The parties have conferred and agreed to nominate Honorable David W. Houston III, United States Bankruptcy Judge for the Northern District of Mississippi, to mediate the dispute of this adversary proceeding (the "Litigation"), and Judge Houston has agreed to serve as the mediator in this matter.

3.      The mediation conference will be held on August 24, 2010, beginning at 10:00 a.m. (Central time), at the Thad Cochran United States Bankruptcy Courthouse in Aberdeen, Mississippi.

4.      The parties shall submit their position papers on or before August 17, 2010.

5.      Because of the reference to mediation, good cause exists to modify the existing Scheduling Order (Dkt. # 26). The modifications to the existing Scheduling Order will be established by separate order.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

A.      The parties in this adversary proceeding are referred to mediation, *nunc pro tunc* to August 24, 2010.

B.      The Honorable David W. Houston III, United States Bankruptcy Judge for the Northern District of Mississippi, is appointed as the mediator. As the mediator, Judge Houston is entitled to the protections of the doctrine of arbitral immunity and all other immunities and protections that the law accords to persons serving in a quasi-judicial capacity.

C.      The mediation conference shall be held on August 24, 2010, beginning at 10:00 a.m. (Central time) at the Thad Cochran United States Bankruptcy Courthouse in Aberdeen, Mississippi. The parties and the mediator, however, may agree to hold the mediation conference on a different date and time without further order of this Court, provided that the mediation conference is commenced on or before September 23, 2010.

D.   Except as provided herein, the provisions of Rule 9019-1 of the Uniform Local Rules of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi shall apply to the mediation proceeding.

i.   Each party shall submit a confidential position paper to the mediator by August 17, 2010. Position papers are confidential and should not be served on other parties. The parties may agree to the submission of additional information if they believe the information will facilitate the mediation conference.

ii.   The parties, or representatives of the parties, and the parties' attorneys, must appear at the mediation, unless otherwise ordered by the Court. Each party representative participating in the mediation must have full authority to settle the case. If a party, party representative, or attorney fails to appear or be available, is substantially unprepared to participate in the mediation, or fails to participate in good faith during the mediation session, the Court may impose appropriate sanctions against such party or attorney, including but not limited to attorneys' fees and reasonable expenses incurred.

iii.   Upon reaching a settlement agreement through mediation, the parties shall promptly reduce the agreement to writing and prepare the appropriate papers and file the appropriate pleadings seeking to have the Bankruptcy Court approve the compromise and settlement as reflected by the mediation settlement.

iv.   The mediator is authorized to exercise control over the mediation and to direct all proceedings therein. The mediator is specifically authorized to meet or consult privately with any party and/or its or their counsel during the mediation conference. The mediator may report in writing to the Bankruptcy Court, with copies to the parties, any conduct of any party that may be in violation of these mediation procedures.

v. The mediator may recess or suspend the mediation conference at any time and adjourn the mediation until a later date if he determines that such a recess, suspension or adjournment is in the best interests of the mediation process and would facilitate a settlement and resolution of the Litigation. If the mediator determines that an impasse has been reached or that the mediation should be terminated for any reason, he may so inform the parties and terminate the mediation.

vi. The mediator may modify the mediation procedures described in this Order to the extent necessary to facilitate the mediation and the settlement of the Litigation.

vii. Except upon the mutual consent of the parties, or as otherwise provided by law, all communications made in connection with the mediation conference are confidential. All mediation-related communications shall not be subject to disclosure or discovery and may not be used in any judicial or administrative proceeding. A party, a party's attorney, a party's representative, and the mediator may not be compelled to testify in any proceedings related to matters occurring during the mediation.

viii. The parties and the mediator are authorized to take all steps necessary or appropriate to implement these mediation procedures.

E. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

SO ORDERED.

Edward Ellington
United States Bankruptcy Judge
Dated: September 22, 2010

APPROVED:

_____
Marcus M. Wilson, Esq.
Attorney for Plaintiffs



_____, with permission
Stephen W. Rosenblatt, Esq.
Attorney for Defendant



Prepared and Submitted by:

Marcus M. Wilson (MS Bar #7308)
W. Lee Watt (MS Bar #6998)
Andrew R. Wilson (MS Bar #102862)
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
Pinnacle at Jackson Place
190 East Capitol Street
Suite 650
Jackson, Mississippi 39201
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com
lwatt@blswlaw.com
awilson@blswlaw.com

ATTORNEYS FOR SCK, INC. AND RADIOSHACK CORPORATION